UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23395-CIV-ALTONAGA/White

**MICHAEL SWAIN**,

    Petitioner,
v.

**FLORIDA COMMISSION ON OFFENDER REVIEW** and **TENA M. PATE**,

    Respondents.
_____/

## ORDER

**THIS CAUSE** came before the Court on Petitioner, Michael Swain's Renewed Application for Certificate of Appealability [ECF No. 50], filed August 14, 2018. Petitioner requests the Court broaden the scope of the certificate it granted in the Order [ECF No. 39] denying his Petition. On August 30, 2018, Respondents, the Florida Commission on Offender Review (the "Commission") and Tena M. Pate, filed a Response [ECF No. 53]. The Court has carefully considered the parties' submissions, the record, and applicable law.

## I.    BACKGROUND

In the Order denying Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1], the Court granted Petitioner a certificate of appealability regarding "whether reliance on charges for which Petitioner was acquitted — in violation of regulations governing the Commission — constitutes a violation of Petitioner's due process rights." (Order 12). Petitioner seeks a certificate of appealability regarding five "additional issues." (Mot. 3). Respondents oppose this request and additionally ask the Court to "re-consider the initial Certificate of Appealability issued in this case." (Resp. 14). The Court addresses each request in turn.

## II.    LEGAL STANDARD

Under 28 U.S.C. section 2253, a petitioner is not permitted to take an appeal from the

final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (alteration added). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (alteration added). The Supreme Court has described the limited circumstances when a certificate of appealability should properly issue after the district court denies a habeas petition: "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (alteration added).

## III. ANALYSIS

### A. Reliance on Unsubstantiated Allegations

Petitioner's first request is for a certificate of appealability on the issue of "[w]hether [the] Parole Commission's reliance upon unsubstantiated accusations implicating Petitioner in other crimes, which was dismissed or *nolle prossed* by State Attorney, constitutes impermissibl[e] considerations for denying discretionary parole and violates the Fourteenth Amendment's due process guarantees against arbitrary action." (Mot. 3 (alterations added)).

The issue Petitioner raises here is subsumed into the certificate of appealability the Court has already issued. If Petitioner wishes to make arguments regarding Respondents' reliance on "unsubstantiated accusations" (Mot. 3), he can do so in the context of his arguments about "consideration of acquitted charges in violation of [the] parole commission's regulations." (Order 12 (alteration added)). Petitioner's arguments here do not raise a distinct legal issue about which "reasonable jurists" could disagree; thus, no separate certificate of appealability is warranted. *See Slack*, 529 U.S. at 484.

### B. Reliance on Written Submissions from State Attorney

Petitioner's second request is for a certificate of appealability on the issue of "[w]hether written submissions solicited from prosecuting attorney's office and victim, referencing dismissed or *nolle prossed* collateral-crime accusations implicating Petitioner, disqualifies as unauthorized action in violation of due process protections when considered and relied upon by Commission to deny Petitioner discretionary parole." (Mot. 3 (alteration added)).

This issue is also concerned with whether the Commission relied on improper considerations when suspending Petitioner's parole release date. The original certificate of appealability already permits Petitioner to make arguments related to the Commission's reliance on improper information; however, the Court reminds Petitioner it already held the written submissions upon which the Commission relied were *not* improper, and reasonable jurists would not disagree on this point. (*See* Order 10–11). Arguments regarding the written submissions from the State Attorney's Office are thus improper for Petitioner's appeal.

### C. Bias in Parole Commissioners

Petitioner next seeks a certificate of appealability on the issue of whether "[i]n light of the Eleventh Circuit's decision in *Bowers v. U.S. Parole Comm'n Warden*, 760 F.3d 1177 (11th Cir. 2014), on which Petitioner relied the District Court erred in relying upon orbiter dictum to find that Petitioner's biased Commissioner claim did not violate his due process rights." (Mot. 3 (alteration added).

As in his second request (*see supra*, section III(B)), Petitioner seeks to make arguments regarding the propriety of the Commission's reliance on written statements from the State Attorney's Office, as well as the propriety of one Commissioner's decision to solicit those written statements. (*See* Mot. 9). The Court has already determined the Commissioner's actions did not violate Petitioner's due process rights, nor did the Commission act improperly

when it considered the written submissions. (*See* Order 10–11). The Court already considered and rejected Petitioner's citation to *Bowers*, which did not hold that parole commissioners are not permitted to solicit opinions from a state attorney's office. (*See id*. 10). The Court does not find reasonable jurists would disagree regarding this conclusion, and a certificate of appealability is not warranted.

### D. Equal Protection Claim

Petitioner's fourth request is for a certificate of appealability regarding his equal protection claim, which the Court denied. (*See* Mot. 3; Order 11). Petitioner insists the "differences between African-American Petitioner and Caucasian comparator are not significant." (Mot. 3).

Petitioner misunderstands the basis for the Court's holding he failed to state a "class of one" equal protection claim. (Order 11). Petitioner's claim did not fail just because of differences between him and the comparator, but because Petitioner did not show "the Commission had no rational basis for its decision" to suspend his release date. (Order 11). Petitioner was required to demonstrate he was "intentionally treated differently from others similarly situated and that there is *no rational basis for the difference in treatment*." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (emphasis added; internal quotation marks and citation omitted).

Even if the differences between Petitioner and the comparator are, as he states, "not significant" (Mot. 10–11), Petitioner has not shown reasonable jurists would disagree with the Court's conclusion a rational basis existed for the Commission's decision to suspend his early release date. No certificate of appealability is warranted on this issue.

### E. Denial of Discovery

Finally, Petitioner seeks a certificate of appealability regarding whether the Court

"abused its discretion in denying Petitioner's request to conduct discovery to fully develop facts relevant to the impact which prosecuting attorney's parole protest letter, placing blanket ban against Commission's decisions relating to Petitioner, probably had on Commission's decision-making after 1989." (Mot. 3).

The Court held the discovery Petitioner requested was "unlikely to provide evidence of the motivations of individual Commissioners, and Petitioner has not explained how discovery could prove his allegations regarding the Commissioners' state of mind." (Order 7–8). Petitioner cites *Bowers*, 745 F.3d at 1132, and *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006), to argue the Court "abused its discretion in denying the prisoner's request for discovery." (Mot. 11–12).

In *Bowers*, the Eleventh Circuit reversed the denial of a habeas petitioner's request for discovery because "the district court did not consider whether [petitioner] had demonstrated good cause." *Bowers*, 745 F.3d at 1183 (alteration added). By contrast, in denying Petitioner's request for discovery, the Court specifically found good cause did not exist because the discovery sought would not lead to evidence likely to prove Petitioner's allegations regarding the Commissioners' state of mind. (*See* Order 7–8). *Bowers* does not foreclose the Court's determination Petitioner failed to meet the good cause standard. Petitioner's citation to *Arthur v. Allen* also unavailing. There, the Eleventh Circuit affirmed the district court's denial of discovery because the petitioner's affidavits did not meet the good cause standard. *See Arthur*, 459 F.3d at 1311. Here, the Court has similarly found Petitioner did not meet the good cause standard. (*See* Order 7–8).

Because Petitioner has not shown reasonable jurists would disagree regarding the Court's conclusion he did not meet the good cause standard for seeking discovery, no certificate of appealability is warranted.

5

### F. Respondents' Request for Reconsideration

In their Response, Respondents asks the Court to reconsider its granting of a certificate of appealability regarding the Commission's failure to follow the Florida Administrative Code when suspending Petitioner's release date. (*See* Resp. 12–14). The Response raises for the first time an argument that the administrative rule Petitioner relied on to contest the suspension of his release date — Rule 23-21.010(2)(d), Florida Administrative Code — "is only concerned with the establishment of the [presumptive parole release date]," not with the Commission's later suspension of that date. (*Id*. 12 (alteration added)). According to Respondents, suspension of the release date is governed not by Rule 23-21.010(2)(d), but by Rules 23-21.015, 23-21.0155, and 23-21.0161. (*See id* 14).

Petitioner raised his argument regarding Rule 23-21.010(2)(d) in his original Objections [ECF No. 24] to the first Report, which Petitioner filed on November 21, 2017. Respondents have not contested the applicability of this rule until moving for reconsideration now, nearly a year after Petitioner alerted Respondents to the argument. Respondents chose not to file a response to Petitioner's Objections [ECF No. 38], on which the Court relied in its Order. Respondents "cannot use a motion for reconsideration to raise 'new arguments that were previously available, but not pressed.'" *United States v. Akel*, 610 F. App'x 875, 877 (11th Cir. 2015) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)).

Moreover, even if suspension of Petitioner's presumptive release date is governed by Rule 23-21.015 as Respondents suggest, that rule requires the Commission to identify "whether new information has been gathered which requires modification of the presumptive parole release date." Fla. Admin. Code § 23-21.015(9). Respondents do not point to evidence in the record showing the decision to suspend Petitioner's presumptive parole release date was based on new information gathered after the date was set in 1979. (*See* Resp. 12–14).

Because Respondents' argument in their request for reconsideration was not previously raised, and because the Court lacks the benefit of full briefing on the proper application of relevant Florida administrative code rules governing the parole release date process, the Court declines to reconsider its grant of a certificate of appealability regarding whether the Commission violated Florida law by considering charges for which Petitioner was acquitted when deciding to suspend his presumptive parole release date; and, if so, whether that violation of Florida law infringed Petitioner's due process rights. (*See* Order 12).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 50]** is **DENIED**. The Motion for Reconsideration, contained within Respondents' Response **[ECF No. 53]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of October, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record; Petitioner, *pro se*